HOOVER *v.* MURDOCK ACCEPTANCE CORPORATION.

5-308                                    264 S. W. 2d 838

Opinion delivered February 22, 1954.

*Hendrix Rowell*, for appellant.

*Bridges & Young*, for appellee.

GRIFFIN SMITH, Chief Justice. Under a conditional sales contract dated April 1, 1952, Ritchey Motor Company sold to Lawrence D. Hoover a used Plymouth automobile for $1,110. After the account had been credited with $300, the balance was payable in fifteen monthly installments of $54. Ritchey at once sold the contract to Murdock Acceptance Corporation. The purchaser's default prompted replevin. The action was met by a plea of usury, in reliance upon *Schuck* v. *Murdock Acceptance Corporation*, 220 Ark. 56, 247 S. W. 2d 1. The Schuck opinion was announced February 11, 1952. A kindred case—*Hare* v. *General Contract Purchase Corporation*, 220 Ark. 601, 249 S. W. 2d 973,—was handed down May 26, 1952.

Appellee's action was filed May 14, 1952, and Hoover's retention bond with Johnnie Neal as surety was

executed the following day. It is contended that the surety should be released, notwithstanding the trial court's-determination that Murdock was protected by the Hare case caveat.

One difficulty is that Neal's suretyship was an independent undertaking. He promised to make good any loss Murdock might sustain by reason of Hoover's retention of the car. It has now been determined that Murdock was entitled to possession at the time Neal came to Hoover's assistance. Neither the record nor the bill of exceptions is abstracted, the tacit admission being that under the Hare case Murdock was entitled to prevail. Substance of Hoover's argument is that because the court extended grace in the Hare case [1] the same sense of fairness should prompt acquiescence in the suggestion that appellant's surety be relieved. It should be remembered that at the time Neal undertook to indemnify Murdock it had not been judicially found that the Ritchie-Hoover contract was tainted; nor as yet has there been such a determination.

It follows that the judgment must be affirmed.

---

[1] The decision was by a divided court.